IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:08CV472

| | |
|---|---|
| BARBARA BEAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **O R D E R** |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's motion to stay. For the reasons stated herein, the motion is denied.

This is a Social Security appeal. Plaintiff filed a complaint against the Social Security Commissioner in October 2008, which was accompanied by an application to proceed without prepayment of fees. **Complaint, filed October 2, 2008; Application to Proceed without Prepayment of Fees and Affidavit, filed October 2, 2008.** After Plaintiff complied with the Court's request to clarify her application, the Court found that Plaintiff was not indigent and declined to allow her to proceed without prepayment of fees. **Order, filed November 6, 2008, at 1-2; Order, filed October 7,**

**2008, at 2.** Plaintiff was ordered to pay the necessary fees within 20 days or risk summary dismissal. **Order of November 6, 2008, *supra*, at 2.**

On the day following that order, Plaintiff filed the instant motion to stay the proceedings. **Motion to Stay, filed November 7, 2008.** Her motion states that, on August 5, 2008, the Social Security Administration (SSA) Appeals Council issued a final decision denying Plaintiff's request for review of the administrative law judge's decision. *Id.* **at 1.** On September 4, 2008, Plaintiff requested the Appeals Council to reconsider its final decision, based on new and material evidence which had come to light. *Id.* As of the date of Plaintiff's motion to stay, that request was still pending. *Id.*

According to the United States Code and SSA regulations, Plaintiff had 60 days in which to appeal the Appeals Council's final decision to this Court. **20 C.F.R. § 404.981 ("The Appeals Council may deny a party's request for review or it may decide to review a case and make a decision. . . . You may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's decision.");** *see also* **42 U.S.C. § 405(g) (providing for the same deadline).** This statutory filing period may not be extended or tolled by a

losing party's request to reopen or modify a final administrative decision rendered by the Appeals Council. *Triplett v. Heckler*, 767 F.2d 210, 213 (5th Cir. 1985) (observing that a claimant cannot "indefinitely delay a 'final decision' simply by bombarding the Council with a series of 'new' pieces of evidence"); *see also Kinyoun v. Ribicoff*, 194 F. Supp. 528, 529 (W.D. Miss. 1961) (noting that there are no statutes or regulations "which would make such a reconsideration (if one was made) a new final decision of the Secretary").

Plaintiff's complaint in this Court was timely within the 60-day deadline set forth in 20 C.F.R. § 404.981 and 42 U.S.C. § 405(g). Her motion to stay, however, seeks to reinstate essentially the same set of delays which the no-tolling rule is designed to prevent. It is not appropriate for Plaintiff's appeal to languish on this Court's docket while the Appeals Council considers her motion to reconsider. The Court will, therefore, deny Plaintiff's motion to stay. All previous deadlines regarding Plaintiff's payment of the required filing fees remain in place.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion to stay is hereby **DENIED**.

**IT IS FURTHER ORDERED** that this Court's previous Order of November 6, 2008, which set a mandatory deadline for payment of filing fees or a showing of good cause for failure to do so, shall remain in full force and effect.

Signed: November 17, 2008

Lacy H. Thornburg
United States District Judge